ROBERT L. BLAND, Judge,
dissenting.
In my judgment the claimant by reason of its failure to make application for refund within the time prescribed by the two-year period of limitation has exhausted its remedy for the recovery of such refund. In the case of State v. Penn Oak Oil & Gas, Inc., 128 W. Va. 212, it is held in point three of the syllabi:
“The provisions of Code, 11-14-19, as amended by Chapter 124, Acts of the Legislature, 1939, relating to a refund of the excise tax on gasoline, create the exclusive remedy which may be used to obtain such refund. Any refund provided for *142 therein must be based on an application for the return of a tax theretofore paid.”
It is expressly provided by statute that application for a refund such as involved in this case must be made within a period of two years. That is the exclusive remedy provided by law. In the Penn Oak case, supra, Judge Fox in the opinion, at page 222, says:
“Where a statute imposing a tax provides the taxpayer with a specific remedy against injustices arising thereunder and the taxpayer fails to avail himself of the remedy so provided, he cannot go outside the statute for other and different remedies.”
I dp not agree with Judge Schuck’s views with respect to the exercise by this court of the function of equity and good conscience. The language in relation to equity and good conscience found in the act creating the court of claims of West Virginia merely relates to the jurisdiction of the court and does not create a remedy. Such is the view of the court of claims of Illinois, in which state the court of claims act is very similar to the West Virginia court act.
Because I am firmly of opinion that the two-year period of limitation controls in the claim in question I respectfully dissent from the award made by majority members. -